CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 08 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| JAMES KENNETH WADE, JR., | ) |
| Plaintiff, | ) Civil Action No. 2:04cv00105 |
| v. | ) **MEMORANDUM OPINION** |
| RONNIE OAKES, SHERIFF, Wise County, Virginia, | ) By: GLEN M. WILLIAMS<br>) Senior United States District Judge |
| and | ) |
| CHARLES F. STAPLETON, JR., DEPUTY, Wise County Sheriff's Department, | ) |
| and | ) |
| SHAWN DANIEL, DEPUTY, Wise County Sheriff's Department, | ) |
| Defendants. | ) |

This case is before the court on plaintiff Kenneth Wade's, ("Wade"), motion to reconsider the court's dismissal of his case, ("Motion to Reconsider"), on July 12, 2005. (Docket Item No. 17.) The defendants filed a response to the motion for reconsideration on July 26, 2005. (Docket Item No. 18.) For the reasons below, the court will **GRANT** Wade's motion to reconsider, and **GRANTS IN PART** the defendants' motion to dismiss the amended complaint, (Docket Item No. 13), and

-1-

**DENIES IN PART** the motion to dismiss the amended complaint.

*I. Background*

Wade has sued Ronnie Oakes, ("Oakes"), the Sheriff of Wise County Virginia, Charles F. Stapleton Jr., ("Stapleton"), a deputy in the Wise County Sheriff's Department, and Shawn Daniel, ("Daniel"), also a deputy in the Wise County Sheriff's Department, pursuant to 42 U.S.C. § 1983 for injuries allegedly suffered on January 6, 2003. (Amended Complaint, (Docket Item No. 11), at 1.) Wade alleges that in the course of executing an emergency custody order for Wade, Stapleton and Daniel "grabbed [Wade], threw [him] to the ground and jumped on top of him." (Amended Complaint at 1.) Wade alleges that he suffered a broken pelvic bone, leading to other medical complications, due to those actions by Stapleton and Daniel. (Amended Complaint at 1.)

On May 23, 2005, the defendants filed a motion to dismiss Wade's amended complaint. (Docket Item No. 13.) Wade was ordered to respond to the motion by June 20, 2005. (Docket Item No. 15.) Wade did not do so, and an e-mail reminding his attorney of the deadline was sent on June 24, 2005. On July 12, 2005, this court filed an order granting the defendants' motion to dismiss the amended complaint as unopposed and ordered that the case be dismissed. (Docket Item No. 16.) On July 25, 2005, Wade filed a motion to reconsider the July 12, 2005, order, (Docket Item No. 17), to which the defendants responded on July 26, 2005, (Docket Item No. 18).

*II. Analysis*

In his motion to reconsider, Wade argues that the court should reconsider the court's July 12, 2005, order, reinstate the case upon the docket, and overrule the defendants' motion to dismiss the amended complaint because his amended complaint was sufficient to survive the motion to dismiss and, thus, "no answer was needed to the motion to dismiss." (Motion to Reconsider, (Docket Item No. 17), at 1.) In response, the defendants argue that their motion to dismiss the amended complaint was sufficient to defeat Wade's amended complaint because Wade failed to amend the substantive elements of his original complaint so as to defeat the original motion to dismiss, (Docket Item No. 4). (Response to Motion for Reconsideration at 2.) Further, the defendants argue that Wade's time to file the motion for reconsideration expired on July 22, 2005, pursuant to FED. R. CIV. P. 59. (Response to Motion for Reconsideration at 2.)

Federal Rule of Civil Procedure 59 sets a 10-day time bar on a motion to reconsider the court's order. While a total of 14 days had passed between the filing of the court's July 12, 2005, order and Wade's motion for reconsideration, filed on July 26, 2005, four of those days were weekend days. Thus, the court holds that Rule 59 does not bar Wade from filing a motion to reconsider. Because the court originally granted the defendants' motion to dismiss the amended complaint as unopposed, and since Wade is now opposing the motion, the court will next address the motion to dismiss on the merits.

In its original motion to dismiss the amended complaint, the defendants argued that the doctrine of vicarious liability does not apply under 42 U.S.C. § 1983, citing

*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). (Motion to Dismiss, (Docket Item No. 4), at 2.) Thus, defendants argue, Wade fails to state a claim against Oakes because nothing more than vicarious liability has been alleged by Wade. This is an accurate statement of the law. Oakes, as sheriff, is not liable under 42 U.S.C. § 1983 for the actions of his deputies. Thus, the defendants' motion to dismiss the claims against Oakes, both in his individual capacity and in his official capacity, will be **GRANTED**.

Moreover, the Eleventh Amendment to the United States Constitution provides Stapleton and Daniel, in their official capacities, with immunity from suit in this court. *Hafer v. Melo*, 502 U.S. 21 (1991); *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1997) (Eleventh Amendment immunity bars federal actions against "state employees acting in their official capacity.")). Thus, Daniel and Stapleton are not liable, in their official capacities, to Wade, and the defendants' motion to dismiss the claim against Daniel and Stapleton in their official capacities will be **GRANTED**.

However, the Eleventh Amendment does not bar suit against a state employee in his or her *individual* capacity. *Scheur v. Rhodes*, 416 U.S. 232, 237-38 (1972); *Suarez Corp. Industries v. McGraw*, 125 F.3d 222, 229 (4th Cir. 1997) ("As a general rule, damages against state officers in their individual capacities are permissible."). Both the Supreme Court and the Fourth Circuit have held that state officials, sued in their individual capacities, are "persons" within the meaning of 42 U.S.C. § 1983, and are not absolutely immune from personal liability under § 1983 solely by virtue of the official nature of their acts. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991); *White v. Gregory*, 1 F.3d 267, 269-70 (4th Cir. 1993). Thus, Wade may sue Stapleton and

Daniel in their individual capacities. Wade appears to be making a excessive force claim against Stapleton and Daniel, in violation of the Eighth Amendment.[1] As such, Wade has sufficiently pled a claim for excessive force against Stapleton and Daniel in their individual capacities, and the defendants' motion to dismiss the claim against Stapleton and Daniel in their individual capacity will be **DENIED**.

### III. Conclusion

For the foregoing reasons, this court will **GRANT** Wade's motion for reconsideration, **GRANT IN PART** the defendants' motion to dismiss insofar as the court will dismiss the claims against Oakes in his individual and official capacity and the claims against Stapleton and Daniel in their official capacities, but will **DENY IN PART** the defendants' motion to dismiss the claims against Stapleton and Daniel in their individual capacities.

An appropriate order will be entered.

---

[1] Wade's constitutional right that was allegedly violated by Stapleton and Daniel was Wade's right "to be free of . . . [the] need for medical treatment" for the injuries suffered by Wade allegedly caused by Stapleton and Daniel as they executed the emergency custody order for Wade's mental health capacity. (Amended Complaint at 1.) The unnecessary and wanton infliction of pain by a prison official through the use of excessive force upon an inmate has been clearly established as a violation of the Eighth Amendment's prohibition on cruel and unusual punishment for a number of years. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *But see Graham v. Connor*, 490 U.S. 386, 388 (1989) ("This case requires us to decide what constitutional standard governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of his person. We hold that such claims are properly analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard.")

DATED: This 8th day of August, 2005.

                                            */s/ Glen M. Williams*

                                            GLEN M. WILLIAMS
                                            Senior United States District Judge